# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4091

_____

United States of America,                         *
                                                  *
       Plaintiff - Appellee                  *
                                                  *   Appeal from the United States
   v.                                        *   District Court for the
                                                  *   Southern District of Iowa.
Oliver Higuera-Pineda,                            *
                                                  *   [UNPUBLISHED]
       Defendant - Appellant.               *

_____

Submitted: June 21, 2005
Filed: June 24, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Three officers saw Oliver Higuera-Pineda leave a suspected drug house with a plastic 10-gallon bucket. The officers followed Higuera-Pineda to a mobile home, where he invited them inside. The officers asked if they could perform a cursory search of the residence to ensure their safety, and Higuera-Pineda consented. Upon entering the dwelling area, the officers saw methamphetamine in plain view on the kitchen table. They then sought and obtained permission to perform a full search of the premises. They recovered several packages of methamphetamine, manufacturing materials, a rifle, and a large digital scale.

Higuera-Pineda filed a motion to suppress the evidence obtained during the search, arguing that he had not voluntarily consented to it. The district court[1] found his consent voluntary and denied the motion. Higuera-Pineda went to trial and was found guilty of possession of 500 grams or more of methamphetamine with intent to distribute. The district court sentenced him to 120 months.

The defendant appeals, arguing that his consent was not voluntary and that the district court erred by denying his motion to suppress. We review a district court's decision that a search was voluntary for clear error. See United States v. Morreno, 373 F.3d 905, 910 (8th Cir. 2004).

To determine whether consent was voluntary we consider "the totality of the circumstances, including characteristics of the accused and details of the interrogation." United States v. Luna, 368 F.3d 876, 878 (8th Cir. 2004). Higuera-Pineda argues that his consent was not voluntary because he was a poor, uneducated alien with little experience with United States law enforcement. He argues that the officers failed to inform him of his right to refuse consent or his Miranda rights and that the presence of three armed officers coerced him into consenting to the requests to search the residence. He also argues that one of the officers created a coercive environment by advising that Higuera-Pineda had the right to consent to a search of the mobile home even though he did not own it.

The district court considered the totality of the circumstances, and we conclude that it did not clearly err by finding Higuera-Pineda's consent was voluntary. The officers communicated with Higuera-Pineda in Spanish and informed him that they could not proceed with the search without his permission. The officers never drew their weapons, and the defendant was not in custody or under arrest at the time of his

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

consent. The failure to inform a suspect of his right to refuse consent to a search does not alone make the consent involuntary. <u>United States v. Alcantar</u>, 271 F.3d 731, 737 (8th Cir. 2001).

We accordingly affirm the judgment of the district court.

_____